IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAKAKHAN DAVIS,                                    PLAINTIFF

VERSUS                     CIVIL ACTION NO: 5:11-cv-00111-DCB-RHW

OFFICE MAX and
JOHN DOES 1-5                                      DEFENDANTS

<u>OPINION AND ORDER</u>

This cause comes before the Court on Plaintiff's Motion for Remand, Motion for Sanctions, and Motion to Amend her Motion to Remand [**docket entry nos. 4, 12, & 17**]; and Defendant's Motion for Sanctions [**docket entry no. 8**].[1] Having considered said Motions, the responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Facts and Procedural History**

On June 14, 2011, Plaintiff Chakakhan Davis, who is proceeding pro se in this matter, filed a negligence action against Office Max in the Circuit Court of Warren County, Mississippi. Davis alleges

---

[1] Davis recently filed a Motion to Amend the Complaint [docket entry no. 20], in which she requests the Court's leave to add Michael Monsour, a Mississippi resident, as a defendant. The Court will refrain from addressing Davis's request, which if granted could potentially frustrate complete diversity of the parties, until it determines that the amount in controversy meets this Court's jurisdictional requirements. See infra.

she was injured at Office Max in Vicksburg, Mississippi when an
"automatic mechanical exit door closed on [her right] hand and
[right] wrist and came off track causing serious and permanent
injury." With respect to her damages, she states that she incurred
medical expenses as a result of her injuries and has suffered
extreme emotional distress, pain, suffering, and mental anguish in
addition to lost wages.  The ad damnum clause in the Complaint
demanded a judgment against Office Max in the amount of $35,000.

Shortly after Davis filed the Complaint, Office Max, a
Delaware corporation with its principal place of business Illinois,
propounded a request for admissions to Davis, asking her to admit
that her damages did not exceed $75,000 and that she would not
amend her Complaint to assert damages greater than that amount.
Docket entry no. 6-2. Davis obliquely responded to the question
concerning the amount of her damages, stating "I admit that the
additional (general) damages unspecified in the complaint will have
to be determined by the Jury".[2] Docket entry no. 6-4.  Upon
receiving this response, counsel for Office Max wrote Davis asking
her to clarify her statement, and this time, Davis responded, "The
(general) damages unspecified in the complaint will have to be
determined by the jury. So I deny this admission." Docket entry no.

_____

[2] As to whether she intended to amend her complaint, Davis
responded even more cryptically, "I admit that this admission is to
be decided by the Jury."

2

6-4, 6-5.[3] On July 25, 2011, Office Max removed the case to this Court on the basis of diversity jurisdiction, stating that Office Max, as a citizen of Illinois and Delaware, is diverse from Davis, and the amount in controversy, by Davis's own admission, exceeded $75,000 exclusive of interest and costs. Id.

The following day, Davis filed her Motion for Remand [docket entry no. 4], which is the underlying source of all present Motions before the Court.  In her Motion, Davis asserts two bases for remand: (1) no federal question exists and (2) diversity jurisdiction is lacking because the amount in controversy *exceeds* $75,000.[4] Office Max's counsel, noticing Davis's misunderstanding, again e-mailed Davis to explain her error and requested that she withdraw her Motion to Remand. See docket entry no. 8, ex. 1. This time, opposing counsel warned that if she did not retract her Motion for Remand he would be forced to seek costs and attorney's fees associated with having to respond to the Motion. Id. Davis, however, did not withdraw her Motion, and Office Max, true to its

---

[3] Similarly, with respect to the possibility of amending her complaint, Davis this time responded, "I deny this admission because unspecified general damages in the complaint are to be decided by the Jury."

[4] There is no question that Davis believed that this Court has jurisdiction over an amount in controversy less than $75,000: "Now I plaintiff Chakakhan R Davis asserts in this bad faith action for punitive damages exceeding more than a $75,000. 00 value. . . . I Ms. Chakakhan R. Davis assert, as of the day of filing this Motion for Remand, that all monetary damages exceed the jurisdictional limits of the court."

3

word, moved for Rule 11 sanctions against Davis, requesting that the Court warn Davis and fine her $1000 for her "frivolous and sanctionable" actions. Docket entry no. 8. In her response to this Motion, Davis denied having "any notice of an email respectfully asking me to withdraw the motion to remand" and stood by her Motion to Remand.

Moreover, Davis filed her own Motion for Sanctions [docket entry no. 12], in which she maintains, among other things, that Office Max's removal action was frivolous and asks the Court to award her $500 for costs incurred in conjunction to Office Max's "frivolous" removal. Finally, Davis has recently moved to amend her Motion to Remand, however, the Court is unable to discern exactly why Davis seeks to amend her Complaint other than that she has some misunderstanding with opposing counsel's interpretation of the amount of punitive damages she requests.[5] Davis had made it

---

[5] For instance, the Court is unable to determine whether Davis is seeking punitive damages for Office Max's removal of the case or for behavior that underlies the alleged accident in an effort to get the case remanded:

> Please be aware that Office Max and John Does 1-5 Defendants have had an misunderstanding of I Plaintiffs response to his/her requests for admissions; As the Defendants Attorney of counsel stated of I Plaintiffs Motion to Remand was an assertion of punitive damages in excess of 75,000 for improperly removing the cause. As well as an assertion of statement: that all monetary dames exceed the jurisdictional limits of this court on page 6 of I Plaintiff's Motion to Remand. Which are assertions in addition to punitive damages that I Plaintiff asserted in I Plaintiffs Motion to Remand pleadings for the Office Max & John Does 1-5 improper

abundantly clear that she prefers to be in state court, where she believes she has a definite court date, but has been rather evasive in her pleadings as to amount of damages she intends to seek.

## II. Amount in Controversy

A federal court has diversity jurisdiction when the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). The federal removal statute allows a defendant to remove an action filed in state court to the appropriate federal court within thirty days of ascertaining that the action meets these two requirements. 28 U.S.C. § 1466. With respect to whether the amount in controversy exceeds the jurisdictional amount, it is foundational that the amount of damages sought in the complaint controls if the claim is made in good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

Due to the freely amendable nature of the complaint, however, it not uncommon for a plaintiff to plead an amount in controversy lower than the jurisdictional threshold in an effort to evade federal jurisdiction with the intention of later amending the complaint to state damages greater than $75,000. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1410 (5th Cir. 1995); see also 14AA Wright, Miller, & Cooper, Federal Practice and Procedure § 3702.2.

────────────────

removing of cause.

See docket entry no. 17 pg. 1.

5

When this occurs, the defendant may remove the action to federal court if he can show by preponderance of the evidence that the amount in controversy exceeds $75,000. <u>Gebbia v. Wal-mart Stores, Inc.</u>, 233 F.3d 880, 882 (5th Cir. 2000); <u>see also</u> <u>De Aguilar</u>, 47 F.3d at 1410 (5th Cir. 1995) (citing <u>Boelens v. Redman Homes, Inc.</u>, 759 F.2d 504, 507 (5th Cir. 1985)).

To carry this burden the defendant must show that it is facially apparent from a reading of the complaint that the amount in controversy exceeds the minimum jurisdiction amount, <u>Allen v. R & H Oil & Cas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995), or if it is not apparent from the face of the complaint, a removing defendant may offer summary-judgment-type evidence to demonstrate that the amount in controversy is met. <u>Haley v. Ford Motor Co.</u>, 398 F. Supp. 2d 522, 525 (S.D. Miss. 2005)(citing <u>White v. FCI USA, Inc.</u>, 319 F.3d 672, 675 (5th Cir. 2003)). Whether the amount in controversy exceeds the minimal jurisdictional amount is judged at the time of removal, <u>Gebbia</u>, 233 F.3d at 883, and if a court finds ambiguity in the complaint or in the pleadings, the court may rely on affidavits filed after removal to interpret this ambiguity. <u>Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia, S.A.</u>, 988 F.2d 559, 566 (5th Cir. 1993), <u>abrogated on other grounds by</u> <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.3d 211 (5th Cir. 1998). Ultimately, however, if any doubt remains, "[a]ny ambiguities are construed against removal because

6

the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

Once the defendant shows by a preponderance of the evidence that the amount in controversy exceeds the minimum jurisdictional amount, the burden shifts to the plaintiff to show with "legal certainty" that his or her recovery "will not exceed the amount stated in the complaint." De Aguilar, 47 F.3d at 1412. "At this point, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Id. (quoting St. Paul Mercury, 303 U.S. at 289)). Only by making this showing can the plaintiff secure remand. Century Assets Corp. v. Solow, 88 F. Supp. 2d 659, 663 (E.D. Tex. 2000).

### III. Whether Office Max Has Met Its Burden

In light of the foregoing law, the Court finds that Office Max has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. However, there is no question that a literal reading of Davis's response to Office Max's e-mail request for clarification suggests that Davis "admitted" that she may later seek damages in excess of $75,000. This admission was certainly sufficient to create some ambiguity regarding the amount in controversy, and based on that information, Office Max is correct that failure to remove the case within thirty days of receiving

this information may have barred its attempt to remove the case at a later date. See 28 U.S.C. § 1446(b); Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). Office Max, however, has failed to take the final step of proving to this Court, by a preponderance of the evidence, that Davis's claim actually exceeds $75,000. While Davis's statement in her Motion to Remand certainly reinforced the ambiguity regarding the amount in controversy created by Davis's earlier admission, it does not rise to the level of conclusive evidence.

A. *Facially Apparent*

First, it is not facially apparent after reading the Complaint that the present amount in controversy is greater than $75,000. Davis alleges she suffered extreme emotional distress, pain, suffering, and mental anguish in addition to lost wages and medical expenses after an automatic mechanical door closed on her wrist. As discovery has yet to be conducted, there is no indication of the total amount of her medical expenses nor any record of how much work Davis missed as a result of the incident--the two most easily quantifiable components of Davis's actual damages. Beyond these damages, it is impossible to determine from the facts pled in the complaint the severity of emotional distress, pain, and mental suffering of the defendant. It is possible that these damages could total an amount in controversy which exceeds this Court's jurisdictional minimum, and it is equally plausible to conclude

8

that the amount of damages pled in Davis's complaint, $35,000, was made in good faith and represents the fair measure of the defendant's damages. At this point, there is no way for the Court to hazard a guess as to value of her claims, and Office Max cannot be said to have met its burden.

*B. Summary-Judgment-Type Evidence*

As to Davis's statements in her Motion to Remand--which would arguably qualify as summary-judgment-type evidence, the little weight the Court affords Davis's statement weighs equally in favor of remand. Davis states:

> Plaintiffs' seek recovery for various categories of damages. These damages include: (1) unspecified actual and compensatory damages that exceed $15,000; (2) expenses as a result of the Bad Faith Liberty Mutual of OFFICE MAX INC insurance claim; (3) Court fees preparation and costs in the instant of this bad faith litigation; (4) post-judgment and pre-judgment interest; (5) disgorgement of 'all unlawful acts of the Office Max Inc bad faith claims handling practices' that were caused as a result of Liberty Matual's alleged general business practice of acting willfully, wantonly, maliciously and/or in reckless disregard for the rights of its insured; and (6) punitive damages. . . . . The specified damages in the complaint are of a $35,000 value. COMES NOW I plaintiff Chakakhan R Davis asserts in this bad faith action for punitive damages exceeding more than a $75,000.00 value.
>
> The OFFICE MAX INC speculates that the damage does not exceed $75,000.00 because it wants to invoke the jurisdiction of this Court.

Docket entry no. 4, pgs. 3-4 (typos in the original). Judging from this statement alone, it is unlikely that Davis's medical bills or lost wages exceed $15,000 as common sense dictates that Davis would have included these in her *actual* damages claim. Further, the

9

additional $20,000 she seeks comes far short of pushing the amount in controversy over the jurisdictional barrier. Finally, it appears that Davis's declaration that she now intends to pursue punitive damages was intended solely--and misguidedly--to ensure that the case was remanded to state court.  As the Court looks to the amount in controversy alleged at the time of removal, Davis's statement that she will move for punitive damages seems to have developed after the case was removed to federal court. The only thing that is clear in this case is that Davis, as a pro se plaintiff, does not understand how to invoke, or in this case avoid, this Court's jurisdiction.

C. *Remand Premature*

Even though Office Max has failed to meet its burden, that failure is mostly a consequence of the unavailability of necessary evidence, such as the amount of Davis's medical bills and lost wages. The Court finds that it would be premature to remand the case based on the insufficiency of this evidence because should it later come to light that Davis's damages do exceed this Court's jurisdictional minimum then the parties will be right back were they started. Indeed, this is not the first time the Court has faced a situation where the defendant failed to meet his burden despite its concerns that the plaintiff was acting in bad faith, and in that case, the Court determined that it would be premature to remand the case without allowing the parties to submit further

evidence to the Court in support of their position. <u>See</u> <u>Haley v.</u> <u>Ford Motor Co.</u>, 398 F. Supp. 2d 522, 528 (S.D. Miss. 2005).

In <u>Haley v. Ford Motor Company</u>, the plaintiff pled an unspecified amount of damages, and the defendant removed, suspecting--with good reason--that the plaintiff intended to amend the complaint to include punitive damages well in excess of the Court's jurisdictional minimum.[6] <u>Id.</u> at 524. Similar to the present case, prior to removal, the plaintiff was reluctant to "'affirmatively state or stipulate that she was not seeking, did not intend to seek, or would not accept damages in excess of $75,000.00 exclusive of interest or costs.'" <u>Id.</u> at 526. Once the case was removed, however, the plaintiff argued that the defendant failed to show by a preponderance of the evidence that the amount in controversy exceeded $75,000, and the Court found that argument meritorious despite its well-founded doubts regarding the plaintiff's intentions. <u>Id.</u>

However, rather than granting the plaintiff's request for remand, the Court allowed the plaintiff the option to agree to file a binding affidavit with the Court averring whether or not she

---

[6] As the Court noted, the defendant's suspicions were justified as the plaintiff had previously brought and dismissed the exact same claim a few months earlier; only the second time the plaintiff omitted a prayer for $20,000,000 in punitive damages. <u>Id.</u> at 524.

intended to seek an amount greater than $75,000.[7] Id. at 527-28
(citing Dow Quimica 988 F.2d at 566); see also, 14AA Wright,
Miller, & Cooper, Federal Practice and Procedure § 3702.1 (citing
cases, including Haley, that followed this course of action). If
the plaintiff declined to make such a statement, then the Court
stated that it would allow the parties to present further evidence
"demonstrating all known and ascertainable damages which the
plaintiff may seek in this case, including a description of the
extent of [the plaintiff's] injuries and all medical expenses . .
. ." Id. at 528

## IV. Conclusion

Accordingly, the Court will proceed in a similar manner.
First, it will gave Davis an opportunity to file a similar
affidavit with the Court stating that she will not seek damages in
state court exceeding $75,000. To be clear, Davis must state,
without qualifiers or equivocation, that she will not seek or
accept an amount over $75,000. In other words, this means that
should Davis be awarded any more than $75,000 from a jury in state
court, Davis would not be able to accept any amount over $75,000,

---

[7] The Court notes that Davis's "admission"--a denial that she
will not later seek more than $75,000--is not tantamount to a
statement unequivocally agreeing that she will not seek damages
exceeding that amount. Her original denial merely leaves open the
possibility of later seeking a greater amount but is equivocal on
whether or not she will do so. An agreement similar to the one
proposed in Haley forecloses any possibility of her seeking to
recover an amount greater than $75,000.

despite a jury verdict granting her more. If Davis is willing to accept such a position, then upon filing a notice with this Court that she will execute such an affidavit, the Court will remand the case to state court.[8] The Court warns Davis in advance that, now that the Court has clarified its position, any attempt to intentionally manipulate the Court's jurisdictional requirements will draw its disfavor.

Or if Davis prefers not to file such an affidavit, both parties will be required present all known evidence regarding the extent of Davis's injuries. Following the submission of this evidence, Office Max will be allowed to show, again by a preponderance of the evidence, why this Court should exercise its jurisdiction over this action. If Office Max cannot carry its burden, the case will be remanded to state court.

Finally, as to the Parties' respective requests for Rule 11 sanctions, the Court finds both Motions without merit. Because the Defendants have not met their burden justifying removal, the Court does not consider Davis's Motion to Remand frivolous or presented

---

[8] Subject matter jurisdiction, of course, is not necessarily a matter of what Davis wants. As the master of the complaint, however, she does have the ability to limit the damages she seeks in order to remain in state court, see Allen, 63 F.3d at 1335, and because the amount of damages she was seeking at the time of removal is ambiguous, filing such an affidavit would sufficiently guarantee to this Court that it does not have subject matter jurisdiction over the controversy. See Haley, 398 F. Supp. 2d at 528 n.6. (discussing the difference between an affidavit which *alters* the amount in controversy versus and affidavit which *clarifies* the amount in controversy).

with an improper purpose. See FED. R. CIV. P. 11(b)(1)-(2). With
respect to Davis's request, the Court denies same, finding her
Motion to be frivolous. See id. The Court understands that Davis is
proceeding pro se and will afford her all the deference that should
attend her status, see, e.g., Baldwin County Welcome Center v.
Brown, 466 U.S. 147, 164 (1984) (citing Rule 8(e)), but counsels
that she exercise more caution in her pleadings before this Court.
Requests for Rule 11 sanctions are not to be taken lightly, and are
certainly not to be used as a retaliatory tactic whenever a
litigant is frustrated by the other party's position. In this case,
the Court finds a warning sufficient to deter similar behavior in
the future; however, should Davis fail to heed this warning, the
Court will have no choice but to impose monetary sanctions in the
future.  See FED. R. CIV. P. 11(c)(4).

Accordingly,

**IT IS HEREBY ORDERED THAT** the Defendant's Motion for Sanctions
[**docket entry no. 8**] is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Plaintiff's Motion for
Sanctions [**docket entry no. 12**] is **DENIED.**

**IT IS FURTHER ORDERED THAT** the Plaintiff's Motion to Amend her
Motion to Remand [**docket entry no. 17**] is **GRANTED.**

**IT IS FURTHER ORDERED THAT** the Plaintiff has ten (10) days
from entry of this Order to file a Notice to this Court
indicating whether or not she intends to submit a binding

affidavit limiting her recovery from the Defendant to less than $75,000.00, exclusive of interest and costs.

**IT IS FURTHER ORDERED THAT** if the Plaintiff indicates in her Notice that she will not file a binding affidavit limiting her recovery below the jurisdictional amount of this Court, both Parties shall produce evidence to this Court within ten (10) days of service of such Notice, demonstrating all known and ascertainable damages which the Plaintiff may seek in this case, including a description of the extent of Davis's injuries and all medical expenses and lost wages that she has incurred as a result of the alleged incident.

**SO ORDERED AND ADJUDGED,** this the 29th day of November 2011.


　　　　　　　　　　　/s/ David Bramlette
　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

15